UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IRAJ YAZDANPANAH,<br><br>             Plaintiff,<br><br>       vs.<br><br>SACRAMENTO VALLEY MORTGAGE GROUP D/B/A GREATER VALLEY MORTGAGE, a business entity, form unknown; UNITED FINANCIAL MORTGAGE CORP., a business entity form unknown; US SACRAMENTO VALLEY, a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity, form unknown; AMERICA'S SERVICING COMPANY, a business entity, form unknown, GMAC MORTGAGE, a business entity, form unknown; NDEX WEST, LLC, a business entity form unknown; WELLS FARGO BANK, N.A., a business entity form unknown; all persons unknown, claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>             Defendants. | Case No:  C 09-02024  SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>[Docket No. 9, 23] |

Plaintiff Iraj Yazdanpanah ("Plaintiff") brings the instant action against various lenders and loan servicing companies following the foreclosure of his home located at 1357 Lawrence Road, Danville, CA 94506.  The parties are presently before the Court on two motions:  (1) Defendants GMAC Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Complaint (Docket 9) and (2) Defendants America's Servicing Company ("ASC"), Wells Fargo Bank ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss

1  Complaint and Strike Allegations (Docket 23).  Having read and considered the papers filed in
2  connection with this matter, and being fully informed, the Court hereby GRANTS the motions to
3  dismiss for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for
4  resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

On or about October 3, 2006, Plaintiff purchased a home property located at 1357 Lawrence Road, Danville, California ("Subject Property") for $2.7 million.  First Am. Compl. ("FAC") ¶ 1; Defs.' Request for Judicial Notice ("RJN"), Ex. A.  Plaintiff financed his purchase through two mortgage loans.  The first loan in the amount of $1,742,000 was secured by a deed of trust held by lender Sacramento Valley Mortgage, and serviced by ASC, a division of Wells Fargo.  Id. ¶¶ 2, 5, 6, 11, 27.  The second loan in the amount of $358,000 was secured by a deed of trust held by United Financial Mortgage Corp., and serviced by GMAC.  Id. ¶¶ 3, 7, 29.  MERS was listed as the nominee beneficiary on both loans.  Id. ¶ 4.

Plaintiff defaulted on the loans.  Id. ¶ 36.  A Notice of Default and Election to Sell Under Deed of Trust was recorded on July 7, 2008.  Id.; RJN, Ex. C. The Notice of Default informed Plaintiff that he was almost $70,000 behind in payments.  Id.  Plaintiff failed to cure the default, and as a result, there was a foreclosure on the *first* deed of trust.  RJN, Ex. 4.  A Notice of Trustee's Sale was recorded on October 13, 2008.  FAC ¶ 36; RJN, Ex. D.  The property was sold at a public auction to Defendant U.S. Bank National Association, and a Trustee's Deed Upon Sale was recorded on November 5, 2008.  FAC ¶ 40; RJN, Ex. E.

### B. PROCEDURAL HISTORY

On October 27, 2008, Plaintiff filed the instant action in Contra Costa County Superior Court, though he did not served the Complaint.  Plaintiff then filed a First Amended Complaint ("FAC") on March 16, 2009, which was served on GMAC.  GMAC removed the action to this Court on May 8, 2009 on the ground that certain of Plaintiff's claims arise under federal law.  28 U.S.C. §§ 1441, 1331.  In response to the FAC, GMAC then filed a motion to dismiss on May 13, 2009.  On May 28, 2009, Wells Fargo filed a motion to dismiss and strike allegations.

Instead of filing responses to the motions as required by Local Rule 7-3, Plaintiff filed a Second Amended Complaint on June 16, 2009. Plaintiff did not seek leave to amend to file such pleading. Under Rule 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course … ¶ before being served with a responsive pleading[.]" (Emphasis added.) After filing an amended complaint as a matter of right, a plaintiff may file another amended pleading only upon stipulation of the parties, or absent a stipulation, by court order. Fed.R.Civ.P. 15(a)(2). Due to the fact that Plaintiff exhausted his one-time right to amend by filing an amended complaint in state court, the Court found the filing of the Second Amended Complaint without prior leave of Court improper. Accordingly, the Court issued an order striking the Second Amended Complaint, and ordered Plaintiff to file the appropriate responses to Defendants' motions. Following this, Plaintiff filed opposition briefs in response to each of the motions to dismiss on July 14, 2009. Subsequently, GMAC and Wells Fargo filed their reply papers on July 20, 2009 and July 21, 2009, respectively.

Collectively, Defendants seek dismissal for seven out of the nine causes of action that Plaintiff asserts in his FAC. Specifically, Defendants seek dismissal for the (1) first claim for civil conspiracy against Wells Fargo, ASC, and MERS; (2) second claim for aiding and abetting against Wells Fargo and MERS; (3) third claim for actual fraud against Wells Fargo and MERS; (4) fourth claim for constructive fraud against Wells Fargo and MERS; (5) seventh claim for rescission against ASC and GMAC; (6) eighth claim to cancel trustee's deed against all Defendants; and (7) ninth claim to quiet title against all Defendants.

## II. LEGAL STANDARD

### A. RULE 12(B)(6)

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); Johnson v. Riverside Healthcare System, LP, 534 F.3d 1116, 1122 (9th Cir. 2008). However, a complaint that

only raises "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The plaintiff must establish that the allegations are pushed "across the line from conceivable to plausible[.]" Id. (quoting Twombly, 550 U.S. at 557).

"In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### B.   RULE 9(B)

For claims based on fraud or deceit, Rule 9(b) requires particularity in pleading the circumstances of the alleged fraud. Fed.R.Civ.P. 9(b). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the *time, place and nature* of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. In other words, allegations on information and belief are insufficient to meet the heightened pleading standards for fraud claims. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

## III.   DISCUSSION

### A.   FRAUD

Plaintiff alleges claims for fraud and constructive fraud in his third and fourth claims, respectively, against Wells Fargo and MERS, among others. FAC ¶¶ 54-71. The elements of a fraud claims are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Bily v. Arthur Young & Co., 3 Cal.4th 370, 407-408 (1992). The elements of constructive fraud cause of action are: (1) a

fiduciary or confidential relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury, i.e., causation.  Cal.Civ.Code § 1573; <u>Younan v. Equifax Inc.,</u> 111 Cal.App.3d 498, 516 n.14 (1980).  Plaintiff alleges that Defendants "are secondarily liable, contributory (sic) liable, and/or vicariously liable" for fraud and constructive fraud.  FAC ¶¶ 56, 65.

To satisfy Rule 9(b), plaintiffs must explicitly aver "the who, what, when, where, and how" of the alleged fraudulent conduct.  <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997).  In addition, plaintiffs must "set forth an explanation as to why [a] statement or omission complained of was false and misleading."  <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc); <u>see</u> <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1082 (9th Cir.1995).  Moreover, where multiple defendants are involved, the plaintiff must, at a minimum, identify the role of *each defendant* in the alleged fraudulent scheme.  See <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764-65 (9th Cir. 2007).

Plaintiff's fraud allegations fail to satisfy the heightened pleading standard under Rule 9(b).  Instead of identifying the role of each Defendant in the alleged fraud, Plaintiff merely groups all Defendants together without specifying the role each is alleged to have played in committing the fraud.  For example, Plaintiff alleges in a vague and conclusory manner that "Defendants and each of them, breach[ed] their duty by, inter alia, engaging in the deceptive and fraudulent conduct…" and "further breached that duty by misrepresenting or failing to disclose material facts about the transaction."  FAC ¶¶ 57, 66.  Plaintiff also fails to allege facts as to who made the alleged misrepresentations, when the misrepresentations were made, or how the misrepresentations were fraudulent.  Therefore, in failing to allege specific content of the fraud claim, pursuant to Rule 9(b), Plaintiff's fraud claims against Wells Fargo and MERS fails.  For these reasons, the Court grants the motion to dismiss the third and fourth causes of action for fraud, with leave to amend the fraudulent practice plead with particularity.

Additionally, Wells Fargo correctly argues that Plaintiff's fraud claim fails to allege reasonable or justifiable reliance.  Plaintiff fails to allege that he relied upon the alleged non-disclosures or was damaged by any reasonable reliance upon them.  "[W]hen [a] plaintiff could have ascertained the truth through the exercise of reasonable diligence," he cannot establish reasonable reliance, a prerequisite to an actionable fraud claim.  <u>Brookwood v. Bank of America</u>,

1  45 Cal. App. 4th 1667, 1674 (1996) (citations omitted).  "Reasonable diligence requires the reading
2  of a contract before signing it."  Id.; see also 24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App.
3  4th 1199, 1215 (1998) (same).  As such, one who signs a contract "is estopped from saying that its
4  explicit provisions are contrary to his intentions or understanding."  Estate of Anderson, 60 Cal.
5  App. 4th 436, 442 (1997) (citations omitted).
6        Based on the allegations presented, Plaintiff cannot claim that he reasonably relied on any
7  misrepresentation or non-disclosure of the terms of his home loan because he signed the
8  promissory note and deed of trust which set forth those terms expressly.  Plaintiff does not allege
9  that he was unable to or prevented from reading and reviewing the terms of the promissory note or
10 the deed of trust.  Thus, Plaintiff should have known the terms of the loan and cannot show
11 reasonable reliance on any representation contrary to the express terms of the loan.  As such,
12 Plaintiff's fraud claim fails because Plaintiff cannot establish all the elements of an actionable
13 fraud claim.  For this reason, the Court grants the motion to dismiss the third and fourth causes of
14 action for fraud, with leave to amend to allege facts showing justifiable reliance.
15       In sum, the Court grants the motion to dismiss the third and fourth claims for fraud with
16 leave to amend to plead his fraud-based claims with the requisite particularity and to allege facts
17 showing justifiable reliance upon the alleged fraudulent practices.
18    **B.    CIVIL CONSPIRACY**
19       Plaintiff alleges a claim for civil conspiracy as the first cause of action against Wells Fargo,
20 ASC and MERS, among others.  FAC ¶¶ 42-47.  Plaintiff asserts that Defendants "knowingly and
21 willfully conspired and agreed among themselves not to properly investigate Plaintiff's ability to
22 repay the loan in approving her for the loan."  Id. ¶ 43.  In addition, Plaintiff asserts that
23 Defendants "knowingly and willfully conspired and agreed amongst themselves … to put Plaintiff
24 in a loan where the terms and provisions of the loan were unconscionable," as well fail to
25 "adequately disclose terms and conditions."  Id. ¶ 44.
26       As Defendants correctly point out, "[c]ivil conspiracy is not an independent tort."  Berg &
27 Berg Enters., LLC v. Sherwood Partners, Inc., 131 Cal. App. 4th 802, 823 (2005).  Rather, it is a
28 "legal doctrine that imposes liability on persons who, although not actually committing a tort

themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Id. The essence of the claim is that "it is merely a mechanism for imposing vicarious liability; it is not itself a substantive basis for liability." Id.  Following this, a civil conspiracy "does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage." Doctors' Co. v. Superior Court, 49 Cal. 3d 29, 44 (1989).  In other words, a civil conspiracy claim cannot be alleged as a tort separate from the underlying wrong it is organized to achieve.

As set forth above, Plaintiff has failed to allege a viable claim for fraud, and as such, there is no cognizable claim on which to predicate Plaintiff's claim for civil conspiracy.  For these reasons, the Court grants Defendants' motions to dismiss this claim with leave to amend either (a) an independently actionable violation of law, or (b) a fraudulent practice plead with particularity.

### C.   AIDING AND ABETTING

Plaintiff's second cause of action is for aiding and abetting, which is recognized as an intentional tort under California law.  See Saunders v. Superior Court, 27 Cal. App. 4th 832, 846 (1994).  Liability may be imposed on "one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." Id. California courts have clarified that the aider and abettor need not owe an independent fiduciary duty to the victim in order to be held liable. Casey v. U.S. Bank Nat'l Ass'n, 127 Cal. App. 4th 1138, 1145 n.2 (2005).  Nevertheless, a defendant's liability under an aiding and abetting theory "is dependent upon the commission of an underlying tort." Richard B. LeVine, Inc. v. Higashi, 131 Cal. App. 4th 566, 574 (2005).

Plaintiff alleges that Defendants "aided and abetted" Sacramento Valley's fraud by having actual knowledge of its allegedly "fraudulent practices."  FAC ¶ 50.  Plaintiff further alleges that Defendants "substantially assist[ed]" in Sacramento Valley's fraudulent practices, and thus are "vicariously, and contributory liable" for those fraudulent acts. Id. ¶ 51.  However, as set forth

above, Plaintiff has failed to allege a viable claim for fraud.  Because there is no viable underlying tort alleged, Plaintiff's claim for aiding and abetting is dismissed as well, without prejudice.

Defendant Wells Fargo also argues that there is no legal basis upon which to impose a legal duty on Wells Fargo or MERS, and therefore, Plaintiff's claim for aiding and abetting fails as a matter of law.  As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Ass'n., 231 Cal. App. 3d 1089, 1096 (1991).  As noted, however, an alleged aider and abettor may be held liable, even if he does not owe a direct duty to the victim.  See Casey, 127 Cal. App. 4th at 1145 n.2.  Aider and abettor liability can attach in the absence of a direct duty where he provides substantial assistance to the tortfeasor with actual knowledge that the tortfeasor was committing a tort.  Id. at 1145.

Here, the FAC makes the conclusory allegation that Wells Fargo and MERS had "actual knowledge" of Sacramento Valley's alleged fraud.  FAC ¶ 50.  The requirement for pleading scienter (knowledge of falsity) is less rigorous than that which applies to allegations regarding the "circumstances that constitute fraud" because "malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed.R.Civ.P. 9(b).  Nonetheless, nothing in the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to "set forth facts from which an inference of scienter could be drawn."  Cooper, 137 F.3d at 628 (quoting GlenFed, 42 F.3d at 1546).  Therefore, Plaintiff's claim for aider and abettor liability is dismissed with leave to amend to allege facts from which an inference of scienter can be drawn.

In sum, the Court grants the motion to dismiss the second claim for aiding and abetting, *with leave to amend* either (a) an independently actionable violation of law, or (b) a fraudulent practice plead with particularity.

**D.   RESCISSION**

Plaintiff alleges rescission in the seventh cause of action against ASC and GMAC.[1]  FAC ¶¶ 86-89.  Plaintiff predicates this claim on the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635,

---

[1] Plaintiff alleges two claims misidentified as the seventh claim.

which "extends the borrower's right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loan's terms or the borrower's right to rescind." FAC ¶ 84.  However, TILA's rescission provision does not apply to "a residential mortgage," which is defined by 15 U.S.C. § 1602(w) to mean "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."  Thus, no statutory right of rescission exists under 15 U.S.C. § 1635(e) "where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside." Betancourt v. Countrywide Home Loans, Inc., 344 F. Supp.2d 1253, 1260 (D. Colo., 2004).

Plaintiff's loan was for a residential mortgage transaction.  FAC ¶ 1.  As such, Plaintiff's rescission claim fails under 15 U.S.C. § 1635, which bars the right of rescission for such loans. Notably, in its opposition papers, Plaintiff "concedes that his right to rescission under TILA is inapplicable because the loan was a purchase money mortgage."  Pl.'s Opp'n at 3:4-5. Accordingly, the Court grants the motion to dismiss the rescission claim without leave to amend.

### E.  CANCELLATION OF TRUSTEE'S DEED

In his eighth cause of action, Plaintiff alleges a claim to cancel the trustee's deed against all Defendants.  FAC ¶¶ 90-94.  This claim lacks merit.  As pointed out by Wells Fargo, the request to cancel a trustee's deed "is a request for a remedy, not a cause of action or claim."  Mot. at 10:5-6. A request to cancel the trustee's deed is "dependent upon a substantive basis for liability, [and it has] no separate viability."  Glue-Fold, Inc. v. Slautterback Corp., 82 Cal. App. 4th 1018, 1023 (2000).  Therefore, since Plaintiff has failed to succeed on any independently viable claim, the eighth cause of action requesting a cancellation of trustee's deed fails.

Even if the claim to cancel trustee's deed were independently actionable, Plaintiff fails to support this claim with factual allegations.  Although purportedly alleged against "All Defendants," no factual allegations are asserted against Wells Fargo, ASC, MERS, or GMAC, pursuant to the standard set forth under Rule 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Plaintiff has failed to plead sufficient factual matter to infer Defendants' liability, and as such has failed to state a claim under Rule 12(b)(6).

GMAC separately asserts that this claim may not be made against it specifically.  Mot. at 6:17-26.  Plaintiff seeks to cancel the trustee's deed upon sale from the foreclosure of the first deed of trust.  However, Plaintiff has failed to allege how GMAC is involved, it at all, to the first deed of trust.  In fact, GMAC was not a party to the foreclosure as to the first deed of trust because GMAC was the alleged servicer for the loan transaction related to the second deed of trust.  See RJN, Exs. 2, 4.  As such, the Court dismisses this cause of action against GMAC without leave to amend.  As to the other Defendants, the Court grants the motion to dismiss with leave to amend.

Furthermore, GMAC seeks dismissal of Plaintiff's claim for cancellation of trustee's deed on the basis that he has not offered to tender the return of the principal amount of the loan.  Mot. at 5:12-19.  When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure.  "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Savings and Loan Assoc., 15 Cal. App. 3d 112, 117-18 (1971); FPCI RE-HAB 01 v. E & G Inv., Ltd., 207 Cal. App. 3d 1018, 1021 (1989).  There are no allegations that Plaintiff has offered to tender payment in the FAC, thus rendering the claim deficient on its face.  As such, Plaintiff cause of action to cancel the trustee's deed fails for this reason as well.

In sum, the Court grants the motion to dismiss the eighth claim for cancellation of trustee's deed with leave to amend as set forth above as to all Defendants, except GMAC and MERS (as to the second loan) as to which the claim is dismissed without leave to amend.

### F.   QUIET TITLE

Plaintiff's ninth cause of action is to quiet title against all Defendants.  FAC ¶¶ 95-98.  The purpose of a quiet title action is to determine "all conflicting claims to the property in controversy and to decree to each such interest or estate therein as he may be entitled to."  Newman v.

Cornelius, 3 Cal. App. 3d 279, 284 (1970). California Code of Civil Procedure § 761.020 provides that a complaint for quiet title "shall be verified" and shall include the following:

> (a) A description of the property that is the subject of the action.... In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
>
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title....
>
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
>
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
>
> (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Wells Fargo seeks dismissal of Plaintiff's claim for quiet title on the basis that he has not offered to tender the return of the principal amount of the loan. Mot. at 9:18-19. As mentioned, when a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure. A trustor cannot "quiet title without discharging his debt." Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); see also Distor v. U.S. Bank NA, 2009 WL 3429700, *6 (N.D. Cal. 2009). "The cloud upon his title persists until the debt is paid." Aguilar, 39 Cal. App. 3d at 477; see also Distor, 2009 WL 3429700 at *6. Plaintiff has not offered to tender payment in the FAC, rendering the claim deficient on its face. As such, Plaintiff's cause of action to quiet title fails. For this reason, the Court grants the motion to dismiss the ninth cause of action, with limited leave to amend and offer to tender payment of the loan.

Plaintiff attempts to refute Aguilar rule in arguing that "[a] party not relying upon equity in attacking the deed, is not required to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed." Pl.'s Opp'n at 5:2-4. Plaintiff alleges that Defendants did not have possession of the promissory note, and thus, the power of sale pursuant to California

1   Civil Code section 2932.5 was not triggered.  Pl.'s Opp'n at 5:15-17.  As a result, the sale was
2   void, and the tender requirement is not applicable.  Id. at 5:19-21.  Plaintiff argues that under
3   Dimock v. Emerald Properties, LLC, 81 Cal. App. 4th 868, 878 (2000), Plaintiff is not required to
4   tender any amounts in order to challenge the foreclosure where the sale was void.

5        In Dimock, after the first trustee substituted and recorded the substitution of a second
6   trustee, the first trustee foreclosed on the property.  The court held that the recording of the
7   substitution of trustee gave the second trustee the sole power to conduct a trustee's sale and thus
8   the sale by the first trustee was void.  Dimock, 81 Cal. App. 4th at 874-875.  The Dimock court
9   reasoned that since the sale was void, it did not require the borrower to tender the amounts due.  Id.
10  at 878.  As such, Plaintiff argues by analogy under Dimock that Plaintiff is likewise not required to
11  tender any amounts as a result of the allegedly void sale.  Pl.'s Opp'n at 5:2-21.

12       This case is distinguishable from Dimock.  First, unlike Dimock, the second trustee in the
13  instant case was properly substituted.  As a result, the second trustee in the instant case had the
14  power to initiate the foreclosure, and appropriately did so.  FAC ¶ 8 ("NDEX WEST was
15  substituted in a Trustee on the First Deed of Trust and also issued the Notice of Trustee Sale").  In
16  Dimock, the first trustee foreclosed on the property even though the first trustee had already been
17  substituted for the second trustee.

18       Second, Plaintiff in the instant case argues that contract is void because "Defendants do not
19  have possession of the promissory note."  Pl.'s Opp'n at 5:15-21.  This is distinguishable from the
20  reasoning in Dimock, where the court found the sale void because of the sale by the first trustee,
21  even though the second trustee was the one with the power to conduct the sale.

22       Furthermore, Plaintiff's argument that Defendants were required to have possession of the
23  promissory note before initiating a proper foreclosure is unsupported.  See, e.g., Gamboa v. Trustee
24  Corp., 2009 WL 656285, at *4 (N.D. Cal. 2009) ("the statutory framework governing non-judicial
25  foreclosures contains no requirement that the lender produce the original note to initiate the
26  foreclosure process."); Putkkuri v. Recontrust Co., 2009 WL 32567, at *2 (S.D. Cal. 2009)
27  ("Pursuant to section 2924(a)(1) of the California Civil Code, the trustee of a Deed of Trust has the
28  right to initiate the foreclosure process.  Cal. Civ. Code § 2924(a).  Production of the original note

1  is not required to proceed with a non-judicial foreclosure."); Candelo v. NDex West, LLC, 2008
2  WL 5382259, at *4 (E.D. Cal. 2008) ("No requirement exists under the statutory framework to
3  produce the original note to initiate non-judicial foreclosure."); San Diego Home Solutions, Inc. v.
4  Recontrust Co., 2008 WL 5209972, at *2 (S.D. Cal. 2008) ("California law does not require that
5  the original note be in the possession of the party initiating non-judicial foreclosure."); Neal v.
6  Juarez, 2007 WL 2140640, at *8 (S.D. Cal. 2007) (an "allegation that the trustee did not have the
7  original note or had not received it is insufficient to render the foreclosure proceeding invalid.").

8  Therefore, Plaintiff's reasoning in the instant case that the sale was void because
9  Defendants did not have possession of the promissory note is invalid.  As a result, Plaintiff's
10 argument that the sale was void under this reasoning is also invalid because the person or entity
11 initiating a non-judicial foreclosure need not physically possess the promissory note.  Accordingly,
12 Plaintiff still is required to tender payment before Plaintiff has standing for the cause of action to
13 quiet title.  Plaintiff has failed to do so, and for this reason, the Court grants the motion to dismiss
14 the ninth cause of action, with limited leave to amend and offer to tender payment of the loan.

15 In addition, GMAC also correctly asserts that this claim may not be made against GMAC
16 specifically.  Mot. at 7:1-14.  Plaintiff seeks to quiet title from the foreclosure of the first deed of
17 trust.  However, Plaintiff has failed to allege how GMAC is involved, it at all, to the first deed of
18 trust.  In fact, GMAC was not a party to the foreclosure as to the first deed of trust because GMAC
19 was the alleged servicer for the loan transaction related to the second deed of trust.  See RJN, Exs.
20 2, 4.  As such, GMAC cannot quiet Plaintiff's title.  For this reason, the Court dismisses this cause
21 of action against GMAC, without leave to amend.  As to the other Defendants, the Court grants the
22 motion to dismiss with leave to amend.

23 In sum, the Court grants the motion to dismiss the ninth claim to quiet title with leave to
24 amend and offer to tender payment of the loan, against all Defendants *except* GMAC and MERS,
25 as to the second loan.

26 **G.   MOTION TO STRIKE**

27 In addition to their motion to dismiss (Docket No. 23), Defendants Wells Fargo, ASC, and
28 MERS have requested that three immaterial allegations should be stricken.  Mot. at 11:7-13:23.

1  The first is that the allegation that MERS is a suspended California corporation should be stricken.
2  Id. at 11:19-22.  Plaintiff does not oppose this motion, and the Court accordingly strike the
3  allegation.  Pl.'s Opp'n at 7:22-27.
4       Second, Defendants request that the allegations to punitive damages should be stricken on
5  the ground that Plaintiff has not alleged the requisite fraud, oppression or malice, as required by
6  Civil Code section 3294 (i.e., California's punitive damage statute).  Plaintiff does not respond to
7  this argument in his opposition.  However, to the extent that Plaintiff is able to allege a viable
8  fraudulent scheme, he may be able to state a claim for punitive damages.  Hardy v. Indymac
9  Federal Bank, -- F.R.D. --, 2009 WL 2985446 (E.D. Cal., Sept. 15, 2009).  Therefore, the Court
10 grants the unopposed motion to strike with leave to amend.
11      Third, Defendants request that the "prayer" for attorneys' fees be stricken on the ground
12 that there is no basis for an award of fees.  California follows the "American" rule under which
13 each party bears its own fees, unless there is a contractual or statutory basis therefor.  See Burnaby
14 v. Standard Fire Ins., Co., 40 Cal. App. 4th 787, 796 (1995); Civ.Code § 1021.  Plaintiff does not
15 address this argument.  Therefore, the Court grants the motion to strike, with leave to amend to
16 allege a statutory or contractual basis for an award of fees.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motions to dismiss (Docket No. 9, 23) are GRANTED.  Specifically,

(1) The Court grants the motion to dismiss the third and fourth claims for fraud, *with leave to amend* (a) the fraudulent practice plead with particularity, and (b) to allege facts showing justifiable reliance upon the alleged fraudulent practices;

(2) The Court grants the motion to dismiss the first claim for civil conspiracy, *with leave to amend* either (a) an independently actionable violation of law, or (b) a fraudulent practice plead with particularity;

(3) The Court grants the motion to dismiss the second claim for aiding and abetting, *with leave to amend* either (a) an independently actionable violation of law, or (b) a fraudulent practice plead with particularity;

(4) The Court grants the motion to dismiss the seventh claim for rescission, *without leave to amend*;

(5) The Court grants the motion to dismiss the eighth claim for cancellation of trustee's deed, *with limited leave to amend* and offer to tender payment of the loan, against all Defendants *except* GMAC and MERS, as to the second loan; and

(6) The Court grants the motion to dismiss the ninth claim to quiet title, *with limited leave to amend* and offer to tender payment of the loan, against all Defendants *except* GMAC and MERS, as to the second loan.

(7) The motion to strike is GRANTED.

(8) The Case Management Conference currently scheduled for November 17, 2009 at 1:00 p.m. shall be CONTINUED to **January 13, 2010 at 2:45 p.m.** The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order For All Judges Of The Northern District Of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: November 30, 2009

SAUNDRA BROWN ARMSTRONG
United States District Judge