# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IRAJ YAZDANPANAH,<br><br>Plaintiff,<br><br>vs.<br><br>SACRAMENTO VALLEY MORTGAGE GROUP D/B/A GREATER VALLEY MORTGAGE, a business entity, form unknown; UNITED FINANCIAL MORTGAGE CORP., a business entity form unknown; US SACRAMENTO VALLEY, a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity, form unknown; AMERICA'S SERVICING COMPANY, a business entity, form unknown, GMAC MORTGAGE, a business entity, form unknown; NDEX WEST, LLC, a business entity form unknown; WELLS FARGO BANK, N.A., a business entity form unknown; all persons unknown, claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: C 09-02024 SBA<br><br>**ORDER REMANDING ACTION** |

Plaintiff alleges that he was defrauded by Defendants in connection with the refinancing of his home. He originally filed suit in Contra County Superior Court on March 16, 2009. On May 8, 2009, Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1441, on the ground that Plaintiff's complaint alleged claims arising under federal law. See Notice of Removal ¶ 3 (Docket 1). Specifically, they predicated the removal on Plaintiff's fifth cause of

action for violation of the Truth in Lending Act (TILA) and Sixth Cause of Action for violation of the Real Estate Settlement Procedures Act (RESPA). Id. On December 1, 2009, the Court granted Defendants' motions to dismiss, with leave to amend certain claims. On December 11, 2009, Plaintiff filed a Second Amended Complaint in which he abandoned his TILA and RESPA claims.[1] Despite the lack of federal claims in the amended pleading, Defendants filed a second round of motions to dismiss the Second Amended Complaint. Docket 51, 53.

Before considering the merits of Defendants' motions, the Court must first determine whether it has jurisdiction over the action. Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229 (1990); United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004). This rule applies equally to removed actions. See Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) ("Although no objection was made to removal, we must still address whether federal jurisdiction exists."); see also 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("we have held that the district court must remand if it lacks jurisdiction").

When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts may decline to assert supplemental jurisdiction over the remaining state law causes of action and exercise its discretion to remand them to state court. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may *sua sponte* exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)). Here, the Second Amended Complaint alleges only claims based on state law. To date, no responsive pleadings

---

[1] Neither the TILA nor RESPA claims were at issue in the prior motions to dismiss. "[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)) (quoting in part Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).

| | |
|---|---|
| 1 | have been filed, no discovery has been taken, and no dates have been scheduled. Given the |
| 2 | lack of any federal claims, coupled with the early stage of the litigation, the Court exercises its |
| 3 | discretion and remands the action to the state court from which it was removed. See <u>Carnegie-</u> |
| 4 | <u>Mellon Univ. v. Cohill</u>, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the |
| 5 | action was eliminated at an early stage of the litigation, the District Court had a powerful |
| 6 | reason to choose not to continue to exercise jurisdiction."); <u>Harrell v. 20th Century Ins. Co.</u>, |
| 7 | 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand |
| 8 | remaining pendant claims to state court."). Accordingly, |

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, County of Contra Costa, pursuant to 28 U.S.C. § 1447(c). The Clerk shall close the file and terminate any pending matters in this Court's docket.

IT IS SO ORDERED.

Dated: March 8, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge